**Aram AGAMIAN, aka Aram Ajamain, Petitioner,**

v.

**John D. ASHCROFT, U.S. Attorney General, Respondent.**

No. 01–71536.

INS No. A27–007–763.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 8, 2002.*

Decided Nov. 14, 2002.

Before MCKEOWN and PAEZ, Circuit Judges, and HAMILTON,** District Judge.

MEMORANDUM ***

Aram Agamian petitions for review of a final order of the Board of Immigration Appeals ("BIA") dismissing his appeal of an immigration judge's denial of his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252(a) and we deny the petition.

The BIA's determination with respect to denial of asylum must be upheld "if supported by reasonable, substantial, and probative evidence on the record considered as a whole." 8 U.S.C. § 1252(b)(7)(B). In determining Agamian's eligibility for asylum, the BIA must consider whether he has a "well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C.

§ 1101(a)(42)(A). We first note that the BIA found Agamian not credible. We conduct an extremely deferential review of the BIA's findings, *Ghaly v. INS,* 58 F.3d 1425, 1431 (9th Cir.1995); the BIA's decision is subject to reversal only if Agamian's evidence of persecution is " 'so compelling that no reasonable factfinder could find' that [he] has not established eligibility for asylum." *Singh v. INS,* 134 F.3d 962, 966 (9th Cir.1998) (quoting *INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)).

Agamian's description of his life in Israel does not meet this standard. Although he may have been discriminated against for his attempts to proselytize, discrimination does not constitute persecution. *See Ghaly,* 58 F.3d at 1431 ("Discrimination on the basis of race or religion, as morally reprehensible as it may be, does not ordinarily amount to 'persecution' within the meaning of the Act."). Episodes of harassment, vandalism, and detention without more also do not suffice to demonstrate persecution. *See, e.g., Khourassany v. INS,* 208 F.3d 1096, 1100 (9th Cir.2000); *Singh,* 134 F.3d at 967. The willingness of Agamian's father and brother to remain in Israel further serves to undermine his claims of persecution. *See Mendez–Efrain v. INS,* 813 F.2d 279, 283 (9th Cir.1987). Moreover, his allegation of imputed political opinion is not borne out by the record. Finally, the immigration judge's conjectures regarding proselytizing do not require remand; the BIA's determination is still "substantially supported" by the evidence. *Mejia–Paiz v. INS,* 111 F.3d 720, 724 (9th Cir.1997).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** Honorable Phyllis J. Hamilton, United States District Court Judge for the Northern District of California, sitting by designation.

880

Because Agamian does not satisfy the standard for asylum, he also necessarily fails to satisfy the higher standard for withholding of deportation. *Pedro–Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir.2000).

PETITION FOR REVIEW DENIED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.